(No. 76-CC-1994—

HARRY HARLING, Claimant, *v.* STATE OF ILLINOIS, Respondent.

178

O'MALLY & ROYCE, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; RICHARD GROSSMAN, Assistant Attorney General, for Respondent.

POLOS, C.J.

This is a claim for the unjust imprisonment of Harry Harling, brought pursuant to Section 8(c) of the "Court of Claims Act," Ill. Rev. Stat. Ch. 37, § 439.8(c), which provides that this Court has jurisdiction over:

"all claims against the State for time unjustly served in prisons of this State where the persons imprisoned shall receive a pardon from the governor stating that such pardon is issued on the ground of innocence of the crime for which they were imprisoned . . ."

Claimant had been convicted of involuntary manslaughter in the Circuit Court of Cook County, and on November 16, 1973, was sentenced to a term of from three to nine years in the Illinois State Penitentiary. The conviction was appealed, and was reversed on June 16, 1975, by the Illinois Appellate Court. Thereafter, on May 14, 1976, Claimant received a pardon on the ground of innocence from Daniel Walker, the Governor of Illinois.

Claimant was incarcerated in the Illinois State Penitentiary from November 19, 1973, to September 4, 1975, a period of approximately twenty-two months. However, from December 23, 1974, to his release on September 4, 1975, he was enrolled in a work release

program, which enabled him to work for his previous employer.

Claimant was steadily employed prior to his incarceration. W-2 forms introduced into evidence show that in 1971 he had earned $8,329; that in 1972 he had earned $7,960; that in 1973 he had earned $4,332; and that in 1975 he had earned $9,428.

Claimant contends that, based upon his prior earnings, he suffered a loss of earnings of approximately $14,000. Claimant also contends that he should be awarded attorneys fees.

Section 8(c) of the "Court of Claims Act" limits the amount of recovery that may be had for unjust imprisonment of a period less than five years, to $15,000. In computing the award to be made hereunder, the amount of lost earnings incurred by an individual is only one of the factors to be considered. It should be noted that while Claimant's gross earnings may have been reduced by the amount he claims, his living expenses were also reduced during the period of his imprisonment. Claimant's net economic loss as a result of his imprisonment thus cannot be fairly measured by his gross loss of earnings. However, loss of earnings is certainly one factor to be considered in assessing the amount of an award for one unjustly imprisoned.

With respect to the additional claim for attorneys fees, this Court has held in *Anderson v. State, 26 Ill. Ct. Cl. 119,* that the legislature did not intend that an additional award of attorneys fees be made, but that attorneys fees be paid out of funds awarded to a Claimant.

On consideration of the record in this case, the Court finds that Claimant should be awarded the sum

of $12,500.00 for his unjust imprisonment in a prison of this State. On consideration of the time expended by the attorney for the Claimant in prosecuting this action, the Court fixes attorneys fees at $3,125.00 pursuant to Section 8(c) of the Act.

It is therfore ordered that Claimant be and hereby is awarded the sum of $12,500.00 to be disbursed as follows:

$9,375.00 to Harry Harling, the Claimant herein;
$3,125.00 to O'Malley & Royce, Claimant's attorneys.