(No. 79-CC-0860—)

ALBERT C. BELLINI, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 1, 1982.*

BENJAMIN P. HYINK and GERALD A. GOLDMAN, for Claimant.

TYRONE C. FAHNER, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant, a one-time employee of the State of Illinois, seeks payment for various vacation days he allegedly accumulated between June 7, 1978, and October 31, 1978, while he was employed by the Illinois Supreme Court committee on criminal justice programs.

Claimant requests payment for vacation pay in the amount of $784.61, court costs in the amount of $250.00, and attorney fees in the amount of $1,500.00, totalling $2,534.61.

There are two issues presented to this Court: (1) whether Claimant accrued any vacation days during his period of employment with the committee; and (2) whether Claimant is entitled to an award for costs and attorney fees in an action brought in the Illinois Court of Claims.

The record discloses that for a comparatively short period of time Claimant worked for the Illinois Supreme Court committee. He resigned from this position and was then employed by the Illinois Law Enforcement Commission.

Claimant testified that prior to June 7, 1978, he met with the executive secretary for the committee in Springfield, Illinois, at which time he was told that there would be no problem with the vacation time that he claimed. This testimony is directly contradicted by the executive secretary for the committee. Claimant testified that he met with the director of the administrative office of Illinois courts and a professor on May 10, 1978, at which time possible employment with the committee was discussed. According to Judge Gulley, the director of the

administrative office, Claimant's interview was no different from any other interview before the committee and he informed Claimant that the committee was not a code agency but was governed by the same personnel rules as applied to the judicial branch of the State. He stated he explained the details of the rules of the Supreme Court and, in particular, the method in which vacation days are accumulated.

Respondent, in its brief, pointed out that the committee is not subject to the provisions of section 4c of the Personnel Code (Ill. Rev. Stat. 1977, ch. 127, par. 63b104c). Judge Gulley stated the same policies had been in effect since 1818.

The Personnel Code in question states as follows:

"Section 4c. General Exemptions.
The following positions in State service shall be exempt from jurisdictions A, B and C, unless such jurisdictions shall be extended as provided in this Act:

* * *

(3) Judges and officers and employees of the courts, and notaries public."
(Ill. Rev. Stat. 1977, ch. 127, par. 63b104c.)

It is obvious that Claimant was exempt from the provisions of the Personnel Code and therefore there could not be a basis for the claim before this Court.

Claimant's former position with the ILEC was covered by the Personnel Code but his position that he should have enjoyed the same benefits while working for the committee as with the ILEC is in error.

Respondent, in its brief, states that "the law is clear that one rendering services to the State is bound to ascertain the extent of the authority of an agent thereof." It further states that "if the agent has no authority, he cannot bind the State with regard to payment." See *Klinczak v. State*, 11 Ill. Ct. Cl. 110, and *Schoenig v. State*, 11 Ill. Ct. Cl. 634.

This Court has repeatedly held that the law in Illinois is clear that one cannot recover for attorney fees and court costs unless provided under a specific authority. See *Harling v. State* (1977), 32 Ill. Ct. Cl. 177, and *Mooney Construction Co. v. State* (1982), No. 77-CC-1219.

Claimant, having failed to cite any statute providing for these payments, is not entitled to an award in the amount claimed.

Award denied.